842 F.2d 331
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry HUTTON, Petitioner-Appellant,
v.
Dewey SOWDERS, Warden, Respondent-Appellee.
 No. 87-5940.
 United States Court of Appeals, Sixth Circuit.
 March 14, 1988.
 
 1
 Before KRUPANSKY and WELLFORD, Circuit Judges; and GILMORE, District Judge.*
 
 ORDER
 
 2
 This pro se Kentucky prisoner appeals the district court's summary judgment dismissing his petition for writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. The appeal has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the record and the briefs, the panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 As grounds for habeas relief, petitioner alleged three constitutional errors: 1) introduction of evidence of another crime not charged in the indictment; 2) insufficient evidence to support the conviction; and 3) an in-court identification tainted by a pretrial identification procedure using unlawfully obtained photographs of petitioner. The district court found petitioner's claims to be without merit and, granting respondent's motion for summary judgment, dismissed the petition.
 
 
 4
 Upon review, we conclude that summary judgment was proper because there is no genuine issue of material fact and respondent is entitled to judgment as a matter of law. See Celotex Corp. v. Catrett, 477 U.S. 317 (1986). First, admissibility of evidence of another crime does not present a constitutional question in this case. See Oliphant v. Koehler, 594 F.2d 547 (6th Cir.1979). Second, the evidence was sufficient for a reasonable jury to have found petitioner guilty beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307 (1979). Finally, the claim that the identification at trial was the fruit of an illegal arrest is not reviewable in a federal habeas corpus proceeding. See Stone v. Powell, 428 U.S. 465, 494 (1976); Jennings v. Rees, 800 F.2d 82, 76 (6th Cir.1986).
 
 
 5
 Accordingly, the district court's judgment entered July 24, 1987, is affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Horace W. Gilmore, U.S. District Judge for the Eastern District of Michigan, sitting by designation